**Gyulvard ATANYAN, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 03–74295.**

**Agency No. A79–261–178.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 10, 2005.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

H. Richard Tashjian, Oakland, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Marion E. Guyton, Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM***

Gyulvard Atanyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's denial of her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the denial of asylum for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution. Any harassment that petitioner experienced fails to rise to the level of past persecution and her fear of future persecution is too speculative. *See Nagoulko v. INS*, 333 F.3d 1012, 1014–16 (9th Cir.2003) (holding that alien was teased, bothered, and harassed based on her religious beliefs, but that it did not rise to the level of persecution, and that fear of future persecution was too speculative).

Because petitioner failed to establish eligibility for asylum, it follows that she failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioner also does not establish a CAT claim because she failed to show that it was more likely than not that she would be tortured if returned to Armenia. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

### PETITION DENIED.

___

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.